**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Loren M. WELSAND, Defendant–Appellant.**

No. 93–2078.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1993.

Decided May 27, 1993.

Scott F. Tilsen, Federal Public Defender, Minneapolis, MN, for defendant-appellant.

Richard Morgan, Asst. U.S. Atty., Minneapolis, MN, for plaintiff-appellee.

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Appellant Loren M. Welsand is awaiting sentencing on his conviction of nine counts of mail fraud, theft from the United States, false statements, and wrongful use of a social security number. Following conviction, the government moved for detention, arguing that Welsand is likely to flee. On April 19, 1993, after a hearing, the district court orally ordered Welsand released subject to the terms and conditions of his pretrial release "and subject to the order that will be prepared and furnished to the Court relative to freezing of his assets," a further condition suggested by Welsand's counsel at the hear-

ing. A written order so modifying the conditions of Welsand's release "pursuant to 18 U.S.C. § 3143(a)" was then submitted by the government and signed by the district court on April 21.

Also on April 21, the government petitioned for an order revoking Welsand's bond on the ground that he had violated the court's April 19 order by withdrawing or attempting to withdraw monies from various financial institution accounts on April 20. Following an April 23 hearing, the district court entered an Order of Detention in which it concluded that Welsand's actions on April 20 had violated "the spirit, if not the letter," of the April 19 further condition; that these actions "convince the Court that the defendant himself has created a risk that he might flee"; and therefore that Welsand "has not established by clear and convincing evidence that there exists any condition or combination of conditions of release which will reasonably assure his appearance," as required by § 3143(a). Welsand appeals from this detention order. We have jurisdiction and a statutory directive to determine the appeal promptly. *See* 18 U.S.C. § 3145; F.R.A.P. 9(a).

■ On appeal, Welsand first argues that the district court had no authority to condition his release upon the freezing of his assets. We disagree. Release of a convicted defendant pending sentencing is expressly governed by § 3143(a), which provides that, if the district court finds by clear and convincing evidence that the defendant "is not likely to flee or pose a danger to the safety of any other person or the community," the court "shall order the release of the person in accordance with section 3142(b) or (c)." Section 3142(c) authorizes the court to impose "the least restrictive further condition, or combination of conditions, that will reasonably assure the appearance of the person as required," § 3142(c)(1)(B). After enumerating thirteen types of specific conditions that may be included, the statute authorizes "any other condition that is reasonably necessary," § 3142(c)(1)(B)(xiv). This is clear authority for the further condition imposed by the district court. Given that court's intimate familiarity with this matter, we are not inclined to second guess its decision that this was an appropriate further condition of re-

lease, nor has Welsand given us any reason to do so.

■ Welsand further argues that his actions on April 20 did not justify the district court's decision that he poses a risk of flight warranting the Order of Detention. Again we disagree. Under § 3143(a), Welsand had the burden to establish by clear and convincing evidence that he is not likely to flee if released upon suitable conditions. His actions on April 20 both flaunted the court's April 19 oral commands and took possession of cash assets that could be used to facilitate flight. Having carefully reviewed the district court's findings of fact under the clearly erroneous standard, and its ultimate § 3143(a) conclusion de novo, *see United States v. Maull,* 773 F.2d 1479, 1486–88 (8th Cir.1985) (en banc), we conclude that the Order of Detention must be affirmed.

Although we affirm the district court order under review, we add the following observation. The district court on April 21 entered a § 3143(a) conditional release order. Revocation of such an order as a sanction for violation of a release condition is governed by § 3148(b). This statute provides that the court "shall enter" a detention order if (1) it finds a violation, "and (2) finds that (A) ... there is no condition or combination of conditions of release that will assure that the person will not flee ... or (B) the person is unlikely to abide by any condition or combination of conditions of release." At the revocation hearing, Welsand did not argue that there might be further conditions of release which would adequately ensure that he will not flee. Therefore, by affirming the Order of Detention, we do not foreclose Welsand from applying to the district court for restoration of his release order upon more restrictive conditions, such as an enforceable agreement that the assets in question, other than those required for necessities, be subject to forfeiture should he flee. We of course do not mean to suggest that any such application would meet the applicable statutory standard, that being a question committed in the first instance to the district court.